Judge Mills
delivered the opinion of the court.
George Marks executed his bond to Rowland Aubry, *206 conditioned for the conveyance of a tract of land by metes and bounds therein specified, and acknowledging the reception of a valuable consideration. After the death of said Marks, Aubry exhibited his bill against his heirs to compel specific execution. The heirs are three in number, two males, George,and Davis, who are non-residents, and a female resident, the wife of Miller. Order of publication, was made and published against the non-resident defendants, but Miller and his wife answered; and the court proceeded to hear and decide the cause at the same term at which their answer was filed. To reverse this decree, which directs the conveyance of the land, the defendants in the court below have prosecuted this writ of error.
Tis not improper to try accused the same permit the answer comes in, the answer confessing the equity of the land, and defend its filing answer without and cannot urge that as error.
The errors assigned question the propriety of the court below receiving the answer of Miller and wife without oath, and proceeding to trial at the same term, and without the answers of the other defendants; and finally, the merits decree rendered.
As to receiving the answer of Miller and wife without oath, it cannot lie in the mouth of the party who thus tendered it, especially when it appears of record that the other party agreed to receive it in this shape. The court might well proceed to trial at the same term, for the answer admits the equity of the bill, and agrees to a decree at any time, The other heirs could not complain of this; for the order of publication, and the proof of its insertion in the public print, appear, upon inspection, to be regular and proper; and a sufficient length of time had elapsed after publication of the order, to enable the court to proceed to hearing. On the merits, this court is unable to discover any error in the decree. The equity of the bill is good, and the writing or bond of the ancestor of the heirs affords complete proof, especially in this case, when two of the heirs were silent, and a third had confessed the equity.
As to the heirs of George Marks, the decree must, therefore, affirmed with costs.
But as to the plaintiff in error, Smith, who claims the attitude of a defendant in the court below, the regularity of the proceedings, and the merits of the decree, are far more questionable. The manner in which he appears in the cause is singular and unprecedented. As the cause was progressing between the other parties, he has appeared and exhibited what he calls a cross bill, in which he has made the complainant and defendants in the pending suit, *207 both defendants, and prays that he may be made a party. This bill remained filed in the cause without process, and not as a distinct suit of his own; and on the bearing of the first suit, the court, in the same decree, dismissed his bill; and decreed that he should convey and release his interest in the land in question—the correctness of which is involved by the errors assigned.
In a suit against heirs to cooperation be, it is inequitable for another who claims to be a purchaser without notice, and to have acquired the legal estate, by cross bill to be made a deft that should be dismissed but no decree should be entered against him to surrender his title.
Some difficulty appears in relieving him, because he has volunteered himself into the awkward attitude in which he stands, and has introduced himself into the pending controversy by an anomalous proceeding. This court conceives, that by shewing the court below, in a petition or motion, that he was so deeply interested in the subject matter of the contest, that the cause ought not to be decided, unless he was made a party, that court ought to have directed the complainant to amend his bill, and make Smith a defendant, and unless he did so that the suit should be dismissed without prejudice. This proceeding, however, has not been attempted, and no proceedings on his bill, nor any order was made thereon. His attitude in the cause, singular as it may appear, could not, however, in the opinion of this court, authorise a decree in his favor, that he should have the land in dispute; nor did it justify the decree that has been rendered, directing him to give up his interest to the complainant, who had not asked it. The decree, therefore, so far as it directs him to convey the land, is erroneous, and must be reversed. But so far as the decree dismisses his bill, it must stand unaltered and affirmed: For in his bill he alledges that he is a purchaser of the same land then in contest between the other parties, for a valuable consideration, without notice of the complainant’s equity, and that he had completed his purchase by conveyance, and on these allegations he prays a decree. Admitting his statement to be true, the heirs of Marks had no title, but he had, and a decree in favor of the complainants against the heirs of Marks, who had no title, could not prejudice him who held the entire estate, in a suit to which he was no party. Besides, if his title is complete at law, as he declares it to be, he had no right to come into a court of chancery for the purpose of asserting it. The decree, therefore, so far as it dismisses his bill, although at a time premature and irregular, must stand unaltered and affirmed. It is, therefore, decreed and ordered that the decree of the court below, so far as it is rendered against the heirs *208 of Marks be, and the same is hereby affirmed with costs—and as to the plaintiff in error, Smith, so far as it dismisses his bill, it is likewise affirmed; but so far as, directs a decree against him for a conveyance of the land, it is hereby reversed with costs, and the cause is remanded to the court below, with directions there to enter up a decree in conformity with the foregoing opinion.
B. Hardin for plaintiff, Wickliffe for defendant.